**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kirchner Corporation,

Plaintiff,

v.

Avon Products, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1417 ADM/AJB

---

Stephen R. Baird, Esq., Ann N. Cathcart Chaplin, Esq., and Michael L. Gannon, Esq., Fish & Richardson, Minneapolis, Minnesota, on behalf of the Plaintiff.

William R. Golden, Jr., Esq., and Paul W. Garrity, Esq., Kelly, Drye & Warren, New York, New York, on behalf of the Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Kirchner Corporation's Motion to Dismiss [Doc. No. 12] Defendant Avon Products, Inc.'s deceptive trade practices counterclaim for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion is granted.

## II. BACKGROUND

Plaintiff Kirchner Corporation ("Kirchner") filed this lawsuit, alleging, *inter alia*, trademark infringement and dilution under 15 U.S.C. §§ 1114, 1125(c). Kirchner is in the business of manufacturing, promoting, and distributing high-quality jewelry to jewelry retailers. Compl. ¶ 5. Since 1981, Kirchner has used the trademark MOTHER AND CHILD for its jewelry collection. *Id.* ¶¶ 6-9. Kirchner registered the MOTHER AND CHILD trademark[1] for its

[1] United States Trademark Registration No. 1,216,638.

FILED JAN 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

jewelry collection in 1982. *Id.* Kirchner alleges that Defendant Avon Products, Inc. ("Avon"), has used the identical and confusingly similar marks MOTHER AND CHILD and MOTHER & CHILD without its authorization in connection with Avon's sale of jewelry. *Id.* ¶ 10.

In its Answer, Avon asserted counterclaims against Kirchner, including a counterclaim for "deceptive trade practices" under Minn. Stat. § 325D.44. Avon's third counterclaim states that "[Kirchner's] false and misleading representations that Avon's products infringe trademark rights claimed by [Kirchner] disparages Avon's products and constitutes deceptive trade practices in violation of Avon's rights under the laws of the State of Minnesota, including Section 325D.44 of the Minnesota Statutes (2000)." Counterclaim ¶ 26. Kirchner now moves to dismiss this counterclaim for failure to state a claim upon which relief can be granted.

**III. DISCUSSION**

The standard for a motion to dismiss a counterclaim is identical to the standard for a motion to dismiss a complaint. Thus, a counterclaim is properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Kaylor v. Fields*, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When examining the counterclaim, a court must accept as true all allegations contained therein and all inferences arising therefrom. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). It must be determined whether the well-pleaded allegations of fact, when construed in a light most favorable to Avon, state a factual claim upon which relief can be granted on some legal theory. *See Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993); *Dicken v. Ashcroft*, 972 F.2d 231, 233 (8th Cir. 1992). At a minimum, the counterclaim must allege facts sufficient

to state a claim as a matter of law and must not be merely conclusory in its allegations. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Avon's third counterclaim sets forth a claim for "deceptive trade practices" pursuant to Minn. Stat. § 325D.44.[2] Specifically, Avon alleges that "[Kirchner's] false and misleading representations that Avon's products infringe trademark rights . . . constitutes deceptive trade practices . . . ." Counterclaim ¶ 26. The "representations that Avon's products infringe trademark rights" must be those set forth in Kirchner's Complaint. Avon has not alleged any context for deceptive trade practices other than Kirchner's infringement lawsuit. Because Avon's counterclaim is based on Kirchner's allegations of trademark infringement in its Complaint against Avon, the counterclaim fails to state a claim upon which relief can be granted.

The First Amendment immunizes the act of filing a lawsuit from tort liability under the *Noerr-Pennington* doctrine. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1080 n. 4 (8th Cir. 1999) (citing *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)). Only "sham" lawsuits remain unprotected by the *Noerr-Pennington* shield of immunity. *Id.* There is no evidence that Kirchner's lawsuit is "(i) objectively baseless in that no reasonable litigant could expect success on the merits and (ii) subjectively motivated by bad faith." *Id.* Thus, Kirchner's trademark infringement action is immune under the *Noerr-Pennington* doctrine and cannot form the basis of Avon's counterclaim for deceptive trade practices.

---

[2] "A person engages in a deceptive trade practice when, in the course of business . . . the person . . . (8) disparages the goods, services, or business of another by false or misleading representations of fact [or] (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn.Stat. § 325D.44, subd. 1.

Avon fails to properly identify any other activities upon which it could base its claim for deceptive trade practices. In its brief, Avon attempts to establish allegations of deceptive trade practices based upon fraud. Avon avers that "Kirchner's obtaining and maintaining a trademark [for] a generic name for the products . . . constitute a fraud on the Patent and Trademark Office." Def.'s Mem., at 5. Even if Avon plead this, such an allegation fails to satisfy the requirements of the Federal Rules of Civil Procedure. All allegations of fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b). The particularity requirement of Rule 9(b) applies whenever the gravamen of the claim is fraud. *See Tuttle v. Lorillard Tobacco Co.*, 118 F.Supp.2d 954, 963 (D. Minn. 2000) (applying Rule 9(b) to common law and statutory fraud claims, including deceptive trade practices, Minn. Stat. § 325D.44). Conclusory allegations of fraudulent conduct are insufficient. *Id.* Avon must state the "who, what, when, where, and how: the first paragraph of any newspaper story." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997). Neither Avon's pleadings nor Avon's memorandum specifies any underlying facts with the particularity required by Rule 9(b).

Because Avon's counterclaim is based on Kirchner's allegations of trademark infringement, and Kirchner is immune from liability based on its filing of the lawsuit under the *Noerr-Pennington* doctrine, the counterclaim fails to state a claim upon which relief can be granted. Avon's counterclaim is dismissed.

Avon's alternative, bootstrap request for leave to amend its counterclaim is denied. Avon failed to comply with the Local Rules for filing motions. *See* D. Minn. LR 5.2, 7.1. Moreover, Avon did not "attach a copy of the amended pleading to the original motion and to each copy of the motion." D. Minn. LR 15.1. Avon has not articulated what additional allegations it would

plead that could state a claim upon which relief can be granted. With this omission, Avon's request skirts the Rules, prejudices Kirchner, and lacks merit.

Finally, Kirchner's request for fees and costs in bringing this Motion is denied.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Kirchner's Motion to Dismiss the deceptive trade practices counterclaim [Doc. No. 12] is **GRANTED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2002